UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


ETHEL DEPRON                                    CIVIL ACTION

v.                                              NO. 17-8391

UNITED STATES OF AMERICA                        SECTION "F"


ORDER AND REASONS

Before the Court is the United States' motion to dismiss the plaintiff's claim for lack of jurisdiction and failure to state a claim. For the following reasons, the motion is GRANTED.

**Background**

A United States Postal Service vehicle, operated by Calvin Daiz, Jr., collided with a Jefferson Parish Transit bus at the intersection of Loyola Avenue and Tulane Avenue in New Orleans on August 11, 2017. Ethel Depron was a passenger on the bus. She alleges that as a result of the accident, she suffered from headaches, neck pain, and back pain. According to Ms. Depron, she was treated for these injuries at New Orleans East Medical Rehab for five months, incurring $2,705 in medical expenses.

According to the defendant, counsel for Ms. Depron, Tim Fields, attempted to file a claim with the United States Postal Service on November 11, 2015. One week later, the Postal Service sent Mr. Fields a letter stating that the initial letter did not constitute a valid claim. The letter, a copy of which was appended

1

to the government's instant motion, outlines the steps a claimant must take to present a valid administrative tort claim to the Postal Service. On April 15, 2016, Mr. Fields filed a claim for injury using the appropriate forms, alleging that the Postal Service "sideswiped" the bus, the bus did not sustain any damage, and Ms. Depron claimed $15,000 for her injuries. On August 11, 2016, Mr. Fields sent the Postal Service a letter enclosing copies of Ms. Depron's medical records (not presently made available to the Court) and threatening to file suit under the Federal Tort Claims Act if the Postal Service failed to accept the claim.

On October 4, 2016, the Postal Service denied Ms. Depron's claim. In its letter, it stated that because the collision between its vehicle and the bus were very minor, there was no proximate cause between the collision and Ms. Depron's injuries. The Postal Service explained that if Ms. Depron was unsatisfied with its decision, she could file suit under the Federal Tort Claims Act. It also noted that the claim must be filed in federal district court within six months, and that the United States of America is the only proper defendant.

In response, Ethel Depron sued the United States Postal Service and Calvin Daiz on February 8, 2017 in this Court, alleging that her "body and mind" were injured in the collision that she said was caused by Mr. Daiz. Ms. Depron sought to recover damages caused by the negligence of Daiz and the U.S. Postal Service. She

alleged that the Court has jurisdiction pursuant to the Postal Reorganization Act. Contending that the Court lacks jurisdiction, the U.S. Postal Service and Mr. Daiz sought to dismiss the plaintiff's claims against them because the plaintiff failed to name the United States or mention the Federal Tort Claims Act, which is her exclusive basis for recovery. Ms. Depron did not file an opposition to the defendants' motion to dismiss. In its July 10, 2017 Order and Reasons, the Court dismissed Ms. Depron's claim for lack of jurisdiction. The Court held that the FTCA is the exclusive remedy for damages arising from tortious acts of federal agencies or their employees, and the United States is only proper defendant in an FTCA lawsuit, which the plaintiff did not name.

On August 28, 2017, Ms. Depron sued the United States, recycling her February complaint, but properly naming the United States as defendant. Accordingly, she contends that Daiz acted negligently while in the scope of his employment, causing the accident and severe injury. In response, the United States moved the Court to dismiss Ms. Depron's complaint for lack of jurisdiction and failure to state claim.

I. Legal Standards

*A.*

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the Court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The burden of proof for a Rule 12()B(1) motion to dismiss is on the party asserting jurisdiction. Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001). The Court may find a plausible set of facts to support subject matter jurisdiction by considering any of the following: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidence in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Barrera-Montenegro v. United States, 74 F.3d 657, 659 (5th Cir. 1996).

*B.*

In considering a Rule 12(b)(6) motion, the Court "accept[s] all well-pleaded facts as true and view[s] all facts in the light most favorable to the plaintiff." See Thompson v. City of Waco, Texas, 764 F.3d 500, 502 (5th Cir. 2014) (citing Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys, 675 F.3d 849, 854 (5th Cir. 2012)(en banc)). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Gonzalez v. Kay, 577 F.3d 600, 603 (5th Cir. 2009)(quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009))(internal quotation marks omitted). "Factual

4

allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations and footnote omitted). Further, "[a] Rule 12(b)(6) motion to dismiss for failure to state a claim is an appropriate method for raising a statute of limitations defense." Mann v. Adams Realty Co., Inc., 556 F.2d 288, 293 (5th Cir. 1977).

## II. Discussion

The United States contends that the plaintiff's complaint should be dismissed under F.R.C.P. 12(b)(1) for lack of jurisdiction, or alternatively, under F.R.C.P. 12(b)(6) for failing to state a claim upon which relief can be granted. If a claim cannot survive a F.R.C.P. 12(b)(1) jurisdictional attack, the Court does not have jurisdiction to decide a party's F.R.C.P. 12(b)(6) motion to dismiss. Stanley v. Central Intelligence Agency, 629 F.3d 1146, 1158 (5th Cir. 1981). Accordingly, the Court must first address whether it has jurisdiction to adjudicate Ms. Depron's claims.

The plaintiff again has incorrectly alleged that the Court has jurisdiction pursuant to the Postal Reorganization Act, 39 U.S.C. § 409(a), despite the Court's explicit observation in its July 10, 2017 Order and Reasons that the Postal Reorganization Act

5

does not apply to tort claims.[1] The Court does have jurisdiction over tort claims against the United States of America. See 28 U.S.C. § 2679; Hernandez v. United States, 757 F.3d 249, 257 (5th Cir. 2014) ("The FTCA accordingly gives federal courts jurisdiction over claims against the United States for "personal injury or death cause by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . .")

Next, the United States contends that the plaintiff's complaint fails to state a claim upon which relief can be granted. The FTCA requires that the claimant files suit no later than six months after the agency denies her claim. 28 U.S.C. § 2401(b). The United States contends that because the Postal Service denied her claim on October 4, 2016, and the plaintiff did not file this action until October 28, 2017, her claim is barred. It further asserts that although the FTCA is subject to equitable tolling, it should not be applied here. The plaintiff does not deny that her complaint was filed after the six month deadline. Instead she contends that because she did file a timely complaint in February 2017, albeit one the Court dismissed for failing to name the

---

[1] In its July 10, 2017 Order and Reasons, the Court noted that "[t]he statute under which she files suit, the Postal Reorganization Act, explicitly conditions the waiver of sovereign immunity by Section 409(c), which provides that the remedies and restrictions of the FTCA shall apply in all actions sounding in tort. . . . [T]he FTCA is the exclusive remedy for damages arising from tortious acts of federal agencies or their employees."

6

correct party, equitable tolling should apply because she diligently pursued her claim.

Because it is undisputed that the plaintiff failed to timely file this complaint, the only issue is whether equitable tolling applies. "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998) (internal citations omitted). "Statutes of limitations serve a vital role in blocking state claims, [but some] statutes allow for equitable tolling in limited circumstances to prevent a plaintiff from unjustly losing a claim vigorously pursued." Perez v. United States, 167 F.3d 913, 919 (5th Cir. 1999). It is to be applied "sparingly," but is appropriate in extraordinary situations "where the complainant has been induced or tricked by his adversary's misconduct . . . ." Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990). For example, courts have allowed equitable tolling when the defendant intentionally concealed facts giving rise to the claim or misled the plaintiff about the nature of her rights. Granger v. Aaron's, Inc., 636 F.3d 708, 712 (5th Cir. 2011). Although courts are hesitant to apply the doctrine "to situations of error or neglect, because parties are bound by the acts of their lawyer," it is still available even if the plaintiff filed a defective pleading, as long as she "actively pursued judicial remedies" and "exercised due

7

diligence." Id. (quoting Perez, 167 F.3d at 918). Courts have applied equitable tolling in circumstances where the plaintiff's "errors [c]ould have been uncovered through more careful legal research" if the plaintiff shows she "did not sleep on h[er] rights." Perez, 167 F.3d at 917-18 (quoting Burnett v. New York Central R.R. Co., 380 U.S. 424, 429 (1965)).

Ms. Depron was not "induced or tricked" by the Postal Service. On the contrary, it provided her with the information necessary to avoid these errors. In the Postal Service's letter denying her claim, the agency explained that if she was not satisfied, she would need to file a complaint, pursuant to the FTCA, in a federal district court within six months. The letter specified that the only proper defendant was the United States of America. Despite that notification, Ms. Depron filed her February complaint improperly naming the Postal Service and Calvin Daiz as defendants. She also cited the Postal Reorganization Act as the basis for jurisdiction, even though the very section she cites states that the provisions of the FTCA exclusively applies to tort claims. After defendants raised these errors in their motion to dismiss, Ms. Depron did not request to amend her complaint, or even oppose the motion. In its July 10, 2017 Order and Reasons, the Court explicitly held that the Postal Reorganization Act does not apply, as the FTCA provides the exclusive remedy for damages. Ignoring the Court's ruling, the plaintiff again cited the Postal

Reorganization Act as the basis for the Court's jurisdiction over her claims. The plaintiff has not moved to amend her most recent complaint to address this error, nor does she address it in her opposition. Even though filing a complaint that is in compliance with the FTCA would not require knowledge of unique procedural issues or complicated legal rules under these circumstances, committing any one of these errors in isolation is excusable. But in considering the plaintiff's conduct since she filed her initial complaint in February, it is clear that the plaintiff failed to exercise due diligence in pursuing judicial remedies. Equitable tolling is therefore not applicable. Because the plaintiff did not file her FTCA claim pursuant to 28 U.S.C. § 2401(b) the within six months, her claim is dismissed under F.R.C.P. 12(b)(6).

Accordingly, IT IS ORDERED: that the United States' motion to dismiss Ethel Depron's claim is GRANTED.

New Orleans, Louisiana, November 9, 2017

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE